JAMES BENEDICT AND OTHERS, SURVIVORS, ETC., RESPONDENTS, v. DAVID M. JONES AND OTHERS, APPELLANTS.

*Sheriff's sale under execution — not opened because of the forgetfulness of the bidder that there were prior incumbrances on the property.*

APPEAL from an order made at Special Term, opening a sheriff's sale as to one parcel and reinstating the judgment to the amount of the bid. On the sale the plaintiffs were represented by their attorney, who had been and was then ill, and who bid upon a certain farm, called the Lovewell farm, believing the judgment to be a first lien thereon, though in fact there were two recorded mortgages prior thereto. The attorney had previously seen a search with these two liens noted thereon, but from illness had lost all recollection of them at the time of the sale. The sale was made December 20, 1877; the notice of motion on which the order appealed from was made was dated November 18, 1878.

The court at General Term said : " Sheriff's sales under executions are ministerial, and not judicial ; they are made by virtue of the power conferred by the statutes, and not under a decree of the court. (*Griffith* v. *Fowler*, 18 Vt., 394; Rorer on Judicial Sales, 25, and cases cited.) At such sales, the rule of *caveat emptor*, applies, and the purchaser is charged with constructive notice of all liens and conveyances duly executed and recorded. (*Frost* v. *The Yonkers Savings Bank*, 70 N. Y., 553-560; *Stafford* v. *Williams*, 12 Barb., 240; *Rocksell* v. *Allen*, 3 McLean, 357.)

" In addition to constructive notice, the purchasers in this case (who are the plaintiffs in the execution), through their attorneys had actual notice of the existence of the mortgages complained of. They seem to have been relieved at Special Term from their purchase, because at the sale one of their attorneys " forgot the mortgages on the Lovewell farm."

" It would be a dangerous innovation to hold that the consequences flowing from actual notice may be obviated by subsequent forgetfulness, unless it was induced by the misconduct or

inadvertence of some other person, or caused by such a loss of mind as would render the person incapable of entering into a binding contract. In judicial sales, the contract is made by the court, and it will interfere to relieve a purchaser under equitable circumstances. But these purchasers are not entitled to relief under the rule applicable to such sales.

" It is well settled that a judicial sale will not be set aside where the surprise or mistake complained of is owing to the neglect or inattention of the party injured (if an adult), and is of a character which could have been avoided by the exercise of ordinary care. (*Parkhurst* v. *Corey*, 3 Stockton, 233; *The American Insurance Company* v. *Oakley*, 9 Paige, 259; *Gardiner* v. *Schermerhorn*, Clarke Ch. Rept., 103; *Francis* v. *Church*, id., 478.) This principle, as here applied, is not in conflict with *The Kingsto 1 Bank* v. *Eltinge* (40 N. Y., 391) relied upon by the plaintiff 1 counsel. The defendant, in that case, never had any title to, r ' interest in the money which the plaintiff negligently permitte 1 the sheriff to pay over ; and the distinction between the case ther 2 presented, and one of purchase of real estate, is distinctly recognized at page 396. This was not a sale forced by others, and occurring unexpectedly, but was made under the direction of the plaintiff's attorneys, both of whom were present. They had long been engaged in the controversy out of which the sale arose, had ample time and means for acquiring a perfect knowledge of the situation, and were familiar with every step taken.

The defendants had furnished them with a certified abstract of title, which disclosed the existence of the liens complained of, which they examined and made memoranda upon, indicating that their attention was particularly called to these liens.

The evidence fails to disclose fraud, misconduct, or any act of any person, which induced the plaintiff's attorneys to purchase the Lovewell farm. Neither is the evidence sufficient to justify the conclusion that the memory or intellect of one of the attorneys was so enfeebled, as to unfit him from entering into a binding contract.

" Another attorney, the co-partner of the enfeebled one, was also in attendance at the sale, and it is not claimed that he was suffering from illness or loss of memory. But conceding the circum-

stances were such, that relief from the purchase should have been granted, if promptly applied for, it ought not to be in this case, because of the delay in making the application."

*Leslie W. Russell*, for the appellants. *Samuel Hand*, for the respondents.

Opinion by FOLLETT, J.; LEARNED, P. J., and BOARDMAN, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.